UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMIL ABDUL MUHAMMAD,

        Plaintiff,

        -v-                       3:24-CV-37

MICHAEL L. BREEN, Town Justice;
R. GILMAN, New York State Police
Trooper; and MRS. KENNEDY, Court
Clerk

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                 OF COUNSEL:

JAMIL ABDUL MUHAMMAD
Plaintiff, Pro Se
2030 Route 26 South, Apt. 209
Vestal, NY 13850

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On January 9, 2024, plaintiff Jamil Abdul Muhammad ("plaintiff"), acting *pro se*, commenced a civil action against defendants Michael L. Breen, Town Justice ("Breen"), Schoharie Town Court (the "Town Court"), R. Gilman, New York State Police Trooper ("Gilman"), New York State Police Department (the "NYSP"), and Mrs. Kennedy, Court Clerk ("Kennedy"). Dkt. No. 1.

Plaintiff's complaint alleged that defendant committed certain violations of his constitutional rights pursuant to 42 U.S.C. § 1983, unlawful discrimination in violation of the Americans with Disabilities Act (the "ADA"), violations of the N.Y. Penal Law § 195.00, and violations of Title VI of the Civil Rights Act of 1964 ("Title VI"). *Id*. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2. Plaintiff's IFP Application was denied as incomplete by U.S. Magistrate Judge Miroslav Lovric on February 15, 2024. Dkt. No. 6. Thereafter, plaintiff filed a subsequent IFP application, Dkt. No. 7, along with certain supplements to his complaint.[1] Dkt. Nos. 4–5, 8.

On June 11, 2024, after conducting an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), Judge Lovric granted plaintiff's IFP Application. Dkt. No. 9. Judge Lovric further advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed in its entirety. *Id*.

Specifically, Judge Lovric recommended that plaintiff's ADA claim against the Town Court and as well as his § 1983 claim against Gilman in his individual capacity be dismissed with leave to amend. Dkt. No. 9. Judge Lovric advised that plaintiff might be able to plead sufficient factual matter

---

[1] Plaintiff's second "supplement" identified, *inter alia*, 18 U.S.C. § 241 and the "No-FEAR Act" as additional grounds for relief. Dkt. No. 4.

to state plausible claims for relief. *Id.* Judge Lovric further advised that plaintiff's remaining claims be dismissed without leave to amend as legally deficient. *Id.*

Plaintiff did not file timely objections to Judge Lovric's R&R. Instead, plaintiff filed two amended complaints.[2] Dkt. Nos. 12–13. The Court accepted and adopted Judge Lovric's R&R in all respects on August 22, 2024. Dkt. No. 14.

Plaintiff's amended complaints, Dkt. Nos. 12–13, were referred to Judge Lovric for initial review. Dkt. No. 14. Broadly construed, plaintiff's amended complaints assert claims against defendants Breen, Gilman, and Kennedy for certain violations of plaintiff's constitutional rights pursuant to § 1983, 5 U.S.C. §§ 331, 731, and 18 U.S.C. § 1918. *See* Dkt. Nos. 12–13.

On January 28, 2025, Judge Lovric advised by R&R that plaintiff's amended complaints, Dkt. Nos. 12–13, be dismissed without leave to amend. Dkt. No. 16. Plaintiff was instructed that failure to object to the R&R within fourteen (14) days would preclude appellate review. *Id.*

Plaintiff has not lodged objections and the time period in which to do so has expired. *See* Dkt. No. 16. Instead, on February 18, 2025, plaintiff sought an extension of time to "to address this complaint." Dkt. No. 17.

---

[2] Plaintiff requested an extension of time to file timely objections. Dkt. No. 10. That motion was granted. Dkt. No. 11.

The Court is aware that on account of plaintiff's *pro se* status that it has a duty to show liberality toward him and afford him special solicitude. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  Even so, plaintiff's letter request is both untimely and lacks merit.  Plaintiff's request fails to identify any objections to Judge Lovric's R&R.  *See* Dkt. No. 17.

Even assuming that plaintiff had lodged a timely objection to the R&R triggering *de novo* review, the Court agrees with Judge Lovric that plaintiff's amended complaints are legally deficient and should be dismissed without leave to amend.[3]

Upon review for clear error, Judge Lovric's R&R is accepted and will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).

---

[3] Judge Lovric advised that plaintiff's claims brought pursuant to 5 U.S.C. §§ 331, 7311 and 18 U.S.C. § 1918 be dismissed because they do not provide a private cause of action against these defendants. Dkt. No. 16.  The Court agrees.  *See Manigault v. Spry*, 2024 WL 1345340, at *4 (N.D.N.Y. Mar. 28, 2024), *appeal dismissed* (Sept. 5, 2024) (concluding that 5 U.S.C. § 3331 only applies to specific government officials); *see also Martin Piotr Nowak® v. JPMorgan Chase Bank, N.A.*, 2023 WL 5952055, at *2 (E.D.N.Y. Aug. 9, 2023) (concluding that 5 U.S.C. § 7331 is "a provision restricting federal employees' ability to strike"); *see also Foskey v. Corp. State of N.Y.*, 2022 WL 3228271, at *3 (E.D.N.Y. Aug. 10, 2022) (collecting cases) (concluding that 18 U.S.C. § 1918 does not provide a private cause of action).  Judge Lovric further advised that plaintiff's § 1983 claims against Breen, Gilman, and Kennedy in their official capacities be dismissed pursuant to the Eleventh Amendment. Dkt. No. 16.  The Court agrees that Eleventh Amendment immunity precludes relief against these defendants.  *See Kellogg v. Nichols*, 703 F. Supp. 3d 367, 373 (N.D.N.Y. 2023) (quotation omitted) ('Eleventh Amendment immunity extends to state officials 'working on behalf of the state (i.e. in their official capacities).'").  Finally, Judge Lovric advised that plaintiff's claims against Kennedy in her individual capacity should be dismissed because judicial immunity precludes relief.  *See Mendez v. Johnson*, 2022 WL 3587600, at *2 (S.D.N.Y. Aug. 22, 2022) (collecting cases) (holding that judicial immunity "also applies to government officials, including clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties").

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 16) is ACCEPTED and ADOPTED in all respects; and

2. Plaintiff's amended complaints (Dkt. Nos. 12–13) are DISMISSED without leave to amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: May 7, 2025
       Utica, New York.